

Search for Cases by: | Select Search Method... ▾ |

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff DAVIDJERMANN

2216-CV20781 - MICHAEL RYAN V ELN ENTERPRISES ET AL (E-CASE)

| Case FV ade View | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending          Display Options: | All Entries ▾ |

---

**10/26/2022** ☐ **Note to Clerk eFiling**
 **Filed By:** KYLE HENRY SCIOLARO

☐ **Notice of Service**
 Proof of service Ryan v. ELN; Proof of service Ryan v. Frandsen; Proof of service Ryan v. Johnsen.
  **Filed By:** KYLE HENRY SCIOLARO
  **On Behalf Of:** MICHAEL RYAN

☐ **Summons Personally Served**
 Document ID - 22-SMOS-1417; Served To - JOHNSEN, JACOB; Server - ; Served Date - 09-OCT-22; Served Time - 15:40:00; Service Type - Special Process Server; Reason Description - Served

☐ **Corporation Served**
 Document ID - 22-SMOS-1338; Served To - ELN ENTERPRISES; Server - ; Served Date - 09-OCT-22; Served Time - 15:40:00; Service Type - Special Process Server; Reason Description - Served; Service Text - JACOB JOHNSEN - RA

☐ **Summons Personally Served**
 Document ID - 22-SMCC-8344; Served To - FRANDSEN, DAVID; Server - ; Served Date - 17-OCT-22; Served Time - 18:59:00; Service Type - Special Process Server; Reason Description - Served

**10/05/2022** ☐ **Summons Issued-Circuit**
 Document ID: 22-SMOS-1417, for JOHNSEN, JACOB.

☐ **Summons Issued-Circuit**
 Document ID: 22-SMOS-1416, for ELN ENTERPRISES.

**10/03/2022** ☐ **Motion Granted/Sustained**
  **Associated Entries:** 09/21/2022 - **Motion Special Process Server** ⊞
  **Associated Entries:** 10/03/2022 - **Order**

☐ **Order**
  **Associated Entries:** 10/03/2022 - Motion Granted/Sustained
  **Associated Entries:** 09/21/2022 - **Motion Special Process Server** ⊞

**09/21/2022** ☐ **Note to Clerk eFiling**
  **Filed By:** KYLE HENRY SCIOLARO

☐ **Motion Special Process Server**
 Motion and Order for Private Process Server Ryan v. Johnsen; Affidavit for SPS Ryan v. Johnsen.
  **Filed By:** KYLE HENRY SCIOLARO
  **On Behalf Of:** MICHAEL RYAN
  **Associated Entries:** 10/03/2022 - **Order**

**Associated Entries: 10/03/2022 - Motion Granted/Sustained**

☐ **Summons Issued-Circuit**
Document ID: 22-SMOS-1339, for FRANDSEN, DAVID.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-8344, for FRANDSEN, DAVID.

☐ **Summons Issued-Circuit**
Document ID: 22-SMOS-1338, for ELN ENTERPRISES.

☐ **Order - Special Process Server**

09/20/2022  ☐ **Note to Clerk eFiling**
**Filed By:** KYLE HENRY SCIOLARO

☐ **Motion Special Process Server**
Motion and order Ryan v. Frandsen.
**Filed By:** KYLE HENRY SCIOLARO
**On Behalf Of:** MICHAEL RYAN

09/19/2022  ☐ **Case Mgmt Conf Scheduled**
**Scheduled For:** 01/06/2023;  9:00 AM ;  JUSTINE E DEL MURO;  Jackson - Kansas City

09/14/2022  ☐ **Correspondence Sent**

09/06/2022  ☐ **Judge Assigned**

☐ **Filing Info Sheet eFiling**
**Filed By:** KYLE HENRY SCIOLARO

☐ **Note to Clerk eFiling**
**Filed By:** KYLE HENRY SCIOLARO

☐ **Pet Filed in Circuit Ct**
Petition Ryan v. Midwest CES; Form 4 Ryan v. Frandsen; Form 4 Ryan v. Johnsen; Form 4 Ryan v.
ELN Enterprises.
**Filed By:** KYLE HENRY SCIOLARO
**On Behalf Of:** MICHAEL RYAN



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

Date 10-9-22  Time 1540
Served [handwritten]
By: [handwritten]

Process Server/Private Investigator
Bringhurst Process Service 801-561-4278
80 E Clayboume Ave Salt Lake City

| | |
|---|---|
| Judge or Division:<br>JUSTINE E DEL MURO | **Case Number: 2216-CV20781** |
| Plaintiff/Petitioner:<br>MICHAEL RYAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>KYLE HENRY SCIOLARO<br>106 WEST 11TH STREET<br>SUITE 1260<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br>ELN ENTERPRISES<br>DBA:  MIDWEST CES | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: JACOB JOHNSEN
Alias:

12 W 3100 S
BOUNTIFUL, UT 84010

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

05-OCT-2022
Date

Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other _____ (address)

Served at _____ County, _____ (state), on _____ (date) at _____ (time).
in _____

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent.  If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (11/2021) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 22-SMOS-1417  2 of 2        (2216-CV20781)
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:22-cv-00736-HFS   Document 1-1   Filed 11/08/22   Page 4 of 56 Exhibit A

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

**2216-CV20781**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
SIXTEENTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL JAMES RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| ELN ENTERPRISES, LLC | ) | |
| d/b/a MIDWEST CES, | ) | Demand for Jury Trial |
| | ) | |
| JACOB JOHNSEN, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID FRANDSEN | ) | |
| | ) | |
| Defendants. | ) | |

### PETITION FOR DAMAGES

COMES NOW Plaintiff Michael James Ryan, and for his Petition against Defendant

ELN Enterprises, LLC, doing business as Midwest CES, alleges and states as follows:

### INTRODUCTION

1. Michael James Ryan ("Ryan") applied for disability insurance benefits with the Social
   Security Administration ("Agency").

2. The Agency contracts with Disability Determination Services ("DDS") in the
   administration of disability claims. DDS is a Missouri state entity acting under the
   authority of the Missouri Department of Elementary and Secondary Education. DDS
   determines medical eligibility for Missourians who have filed for disability benefits.

3. The agency denied Ryan's initial claim for disability benefits, and Ryan requested a
   hearing before an administrative law judge ("ALJ").

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

4.  As part of the hearing process, Ryan was ordered by DDS to attend a Consultative Examination ("CE"). Physicians and other healthcare professionals perform CEs to determine a disability claimant's impairments and limitations.

5.  On March 10, 2018, Ryan appeared at a facility operated by Defendant ELN Enterprises, LLC. ELN Enterprises, LLC does business as Midwest CES ("Midwest CES").

6.  DDS has a business relationship with Midwest CES in which Midwest CES physicians and personnel produce reports about disability claimants.

7.  At all relevant times, Defendants David Frandsen and Jacob Johnsen have owned and operated Midwest CES. Upon information and belief, no other persons own or operate Midwest CES, nor do other persons have supervisory authority over Midwest CES personnel. References hereafter to Midwest CES include actions by Frandsen and Johnsen.

8.  Midwest CES has been the largest supplier of CEs to DDS in Northwest Missouri. Midwest CES has received increasingly larger sums of money from DDS and the Agency over time. In 2012, Midwest CES received approximately $31,885 for CEs performed for disability claimants in the Kansas City, Missouri area. By 2017, Midwest CES received approximately $742,361.48 for CEs performed for disability claimants in the Kansas City, Missouri area.

9.  Midwest CES contracted with moonlighting resident physicians to perform CEs. These physicians were virtually never board certified and lacked training to perform CEs. Frandsen and Johnsen would pay these physicians between $35 and $50 per CE. Frandsen and Johnsen would guarantee these physicians 16-25 CEs per day (usually a

2

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

Saturday) and provided a template for the physicians to sign. Frandsen and Johnsen would then bill DDS and the Agency between $188 and $220 for the CE report.

10. Frandsen and Johnsen urged their moonlighting physicians to "power through" "[e]ven if it means cutting [claimants] off and moving ahead."

11. Frandsen, Johnsen and Midwest CES, by providing templates, instructions, schedules, equipment, examination offices, and staff to moonlighting physicians, asserted, exercised, and retained the right to control the manner and method by which moonlighting physicians performed CEs.

12. On March 10, 2018, moonlighting otolaryngology resident Sherief Garrana, MD, purportedly examined Ryan and signed a written template styled as an authentic report ("Report). Dr. Garrana did so at the request and under the direction of Midwest CES, Frandsen, and/or Johnsen. Frandsen and/or Johnsen submitted the Report to DDS.

13. The Report contained false statements that appeared in all Midwest CES templates. Select portions of the Report appeared tailored to Ryan's profile, but the template contained boilerplate findings present for any claimant attending a CE at Midwest CES. Certain portions of the template's exam findings could not be modified or could be modified only with great difficulty and confusion.

14. The Report was not based on medically acceptable clinical diagnostic techniques. The Report was based on a cursory examination and inadequate communication with Ryan. Midwest CES prevented Dr. Garrana from performing an adequate exam, required him to use a template containing inaccurate statements, prevented Dr. Garrana from complying with medical standards, and violated applicable law.

3

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

15. Midwest CES's preparation and submission of a fraudulent Report were outside of the scope of the duties contemplated and prescribed by DDS.

16. On December 3, 2018, the ALJ issued an unfavorable decision on Ryan's claim. The ALJ assigned "great weight" to the Report provided by Midwest CES to DDS.

17. Ryan sought relief from the ALJ's decision by bringing an action in United States District Court. The Court reversed and remanded the ALJ's decision, finding that the Report was inadequate for more than one reason.[1]

18. At Ryan's remand hearing, the ALJ assigned no weight to the Report and found Ryan disabled.

## JURISDICTION AND VENUE

19. Ryan is a resident of the State of Missouri.

20. Ryan underwent the CE in Missouri.

21. The Midwest CES template and Report was ordered by and submitted to a DDS office and decision-maker in Jackson County, Missouri.

22. ELN Enterprises, LLC and Midwest CES are business organizations and/or trade names registered in the State of Utah. ELN Enterprises and Midwest CES are authorized to do business in the State of Missouri and conduct substantial business and have substantial contacts in the State of Missouri.

23. Jacob Johnsen is a resident of the State of Utah.

24. David Frandsen is a resident of the State of Missouri.

25. Jurisdiction is in this Court. Mo. Rev. Stat. § 478.220.

---

[1] In four United States District Court matters separate from Ryan's, federal judges reviewing Midwest CES reports have since remanded other disability claims due to the "troubling" nature of those reports.

4

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

26. Venue is in this Court. Mo. Rev. Stat. § 508.010.

27. This Court has jurisdiction over Ryan's claims because the total amount in controversy exceeds $25,000 but does not exceed $75,000.

28. Ryan stipulates to damages not to exceed $75,000.

## FACTS COMMON TO ALL COUNTS

29. On August 28, 2015, Ryan, an Air Force and Army veteran, was severely injured in an automobile wreck as he was leaving the base on his last day of service.

30. Ryan suffered severe and disabling injuries requiring him to undergo numerous extensive therapies, including, but not limited to, surgeries, injections, and transcutaneous electrical nerve stimulation. Ryan required the use of an assistive device to ambulate.

31. Ryan continues to experience persistent stabbing, deep aching, pins and needles, and burning throughout his hips, back, buttock, and legs.

32. Ryan also suffers from other impairments including, but not limited to digestive tract spasms, degenerative knee joint disease, degenerative disc disease, seizures, and rheumatoid arthritis.

33. Ryan suffers from mental health impairments including depression and posttraumatic stress disorder.

34. Ryan was unable to maintain substantially gainful employment since his automobile wreck due to his severe injuries and mental health impairments.

35. On June 3, 2016, Ryan applied for disability benefits.

36. On July 29, 2016, DDS denied Ryan's claim. Given Ryan's age, this is typical and nearly a matter of procedure.

5

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

37. On September 27, 2016, Ryan appealed the decision and requested a hearing before an
    ALJ.

38. On January 26, 2018, Ryan appeared before an ALJ. Following the hearing, the ALJ
    asked to Ryan to attend a CE. The ALJ's request was conveyed to DDS which ordered
    Ryan to present to Midwest CES for an "Orthopedic Exam Whole Body and Report."

39. On March 10, 2018, Ryan presented to Midwest CES for the CE and was evaluated by
    Dr. Garrana, a moonlighting resident without training to perform disability evaluations
    and without specialization in orthopedics.

40. Frandsen or Johnsen previously coordinated with Dr. Garrana and guaranteed him
    between 10 and 25 CEs that day. Dr. Garrana received little information or
    documentation about Ryan and other claimants scheduled for CEs.

41. Midwest CES paid Dr. Garrana approximately $35 to $50 for a template Report.

42. Ryan cooperated fully and provided information about his deficits upon intake.

43. Following a very short exam, Dr. Garrana issued a Report in which he made untrue
    statements asserting that he performed tests he did not perform and purported to make
    observations that he did not make.

44. Frandsen, Johnsen, and/or other Midwest CES personnel affixed Dr. Garrana's signature
    and swore under penalty of perjury that the template Report was accurate.

45. Certain template findings, though presented as objective, were in fact boilerplate
    language used to suggest that Ryan was more functional than he actually was. The Report
    was not accurate.

46. The Report was based largely on Ryan's claimant questionnaire responses and findings
    generated by Midwest CES medical assistants without appropriate training or credentials.

6

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

47. The Report was fraudulent, incomplete, inadequate, misleading, and contained false information, including, but not limited to, the following:

    a. The Report stated that Dr. Garrana "generally observed" Ryan to be able "to button and unbutton a shirt." Ryan did not button or unbutton a shirt and was not asked to do so. This language appeared in virtually all Midwest CES reports for at least two years. Ryan wore a buttonless, plain t-shirt to the exam.

    b. The Report stated that Ryan "could dress and undress adequately." This language appeared in virtually all Midwest CES reports for approximately two years. Ryan did not dress or undress at Midwest CES.

    c. The Report stated Dr. Garrana "generally observed" Ryan to "lift, carry, and handle personal belongings." Ryan did not lift, carry, and handle belongings in front of Dr. Garrana. Nor did Dr. Garrana ask Ryan to do so. This language appeared in all Midwest CES reports for over three years.

    d. The Report stated Dr. Garrana "generally observed" Ryan to "pick up and grasp a pen and write a sentence." Ryan did not grasp a pen and write a sentence in front of Dr. Garrana. Nor did Dr. Garrana ask Ryan to do so. This language appeared in all Midwest CES reports for over three years. Ryan was not asked to perform grip strength or manipulative maneuvers.

    e. The Report stated Ryan "could stand but not hop on one foot." This template language appeared in all Midwest CES reports for over three years. Ryan was not asked to stand or hop on one foot.

    f. The Report stated Ryan reported his leg and back injuries "began in 2015 due to unknown etiology." Ryan informed Midwest CES that he was injured in an

7

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

automobile wreck in 2015, and Ryan's medical records clearly state the cause of his injuries.

    g.  The Report stated Ryan "had no difficulty getting up and down from the exam table," that his "walking was normal," and that Ryan "was able to walk on heels and toes with ease." These statements are untrue. This template language appeared in all Midwest CES reports for at least two years.

    h.  The Report states Ryan "did not present with an assistive device." Ryan presented with a prescribed cane and was unable to walk without it.

    i.  The Report states that Ryan underwent extensive strength, range of motion, and reflex tests. Ryan was not asked to submit to these tests, and the findings are untrue. Dr. Garrana had no instrument to measure ranges of motion.

    j.  The diagnoses in the Report do not properly correlate to exam findings or imaging. These findings were made contrary to medically-recognized methodologies and diagnostic criteria.

    k.  The Report contains other inaccurate findings.

48. Ryan was in the exam room with Dr. Garrana for less than 10 minutes. The length of the exam was inadequately short.

49. Dr. Garrana and Midwest CES personnel were not aware of Ryan's actual medical history.

50. Shortly before Dr. Garrana's moonlighting shift on March 10, 2018, Frandsen, Johnson, or other Midwest CES personnel supplied Dr. Garrana with the names and basic information of claimants through an online file hosting service such as Dropbox.

8

Exhibit A

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

51. Dr. Garrana and Midwest CES personnel did not properly obtain and review Ryan's
    medical records.

52. Dr. Garrana and Midwest CES personnel did not show any interest in learning about
    Ryan's limitations and did not ask Ryan personal questions related to his claim and
    disabling impairments.

53. The Report was generated by persons without necessary medical training, including
    medical assistants and Midwest CES owners David Frandsen and Jacob Johnsen. Dr.
    Garrana, a moonlighting physician, did not specialize in orthopedic medicine, physical
    medicine and rehabilitation, or occupational medicine. Dr. Garrana had no special
    particular training in performing disability exams or authoring lengthy reports for DDS.
    Dr. Garrana and Midwest CES personnel were not trained in performing an orthopedic
    exam, neither for Ryan, nor any other claimant.

54. Midwest CES afforded Dr. Garrana less than one day of orientation. That orientation did
    not include training regarding the execution and documentation of a disability evaluation.
    At no time did Midwest CES offer Dr. Garrana any such training.

55. Midwest CES did not train or offer to train Dr. Garrana or its physicians on DDS
    standards, applicable law, and commonly accepted medical practices.

56. Dr. Garrana was not trained or qualified to conduct a disability examination and prepare a
    written report discussing Ryan's impairments.

57. Midwest CES, David Frandsen, and Jacob Johnsen did not train Dr. Garrana how to
    perform evaluations for DDS. Midwest CES, David Frandsen, and Jacob Johnsen did not
    possess the credentials or knowledge that would render them capable of training Dr.
    Garrana.

9

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

58. The Report violated state laws, DDS standards, and other guidelines.

59. The Report was inconsistent with generally accepted medical standards and practices.

60. The Report, the exam underlying the Report, and the conduct of Dr. Garrana and Midwest CES failed to comply with the appropriate rules and regulations regarding the conduct of a CE, including, but not limited to:

    a. failing to provide objective medical evidence of Ryan's limitations;

    b. failing to accurately report Ryan's medical history;

    c. failing to provide an accurate description of Ryan's impairments;

    d. failing to adequately identify the medical records or tests that were reviewed and received;

    e. misrepresenting what transpired at the CE, including Ryan's performance on testing that was purportedly administered;

    f. acting unprofessionally and displaying a lack of attention and concern during the brief appointment with Ryan;

    g. misrepresenting observations regarding Ryan's complaints and performance at the exam;

    h. providing false and inconsistent conclusions as to Ryan's symptoms, medical evidence, and his response to treatment;

    i. failing to properly describe the functional limitations resulting from Ryan's impairments; and

    j. falsifying medical records.

61. Midwest CES, Johnsen, Frandsen, and Dr. Garrana failed to comply with the directions and guidelines provided by the conferring authority, DDS.

10

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

62. Midwest CES, Johnsen, Frandsen, and Dr. Garrana falsely certified under penalty of
    perjury that the Report was accurate.

63. On December 3, 2018, an ALJ issued an unfavorable decision on Ryan's claim. The ALJ
    stated that he assigned "great weight" to the Report.

64. Ryan appealed the ALJ's decision to the Appeals Council, which upheld the ALJ's
    decision.

65. Ryan sought judicial relief in United States District Court.

66. On June 23, 2020, the Honorable Beth Phillips United States District Court Judge
    reversed and remanded the ALJ's decision and ordered a new hearing. *See Ryan v. Saul*,
    No. 19-cv-772-BP (W.D. Mo. June 23, 2020).

67. Judge Phillips found the Report did not satisfy its purpose and that the CE was not
    performed by a physician of the appropriate specialty. Judge Phillips also indicated that
    there was no evidence that the CE involved any imaging or the evaluation of Ryan's
    medical records.

68. On October 23, 2020, following Ryan's remand hearing, the ALJ gave no weight to the
    Report. As a result, the ALJ issued a favorable decision and found Ryan disabled.

69. As a direct and proximate result of the actions of Midwest CES, Johnsen, Frandsen, and
    Dr. Garrana, Ryan incurred unnecessary legal fees, delay, the loss of the time value of
    money, and needless mental anguish.

## COUNT I
## TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY

70. Ryan incorporates by reference all other paragraphs.

71. Ryan had a reasonable expectancy that his disability benefits claim would be approved.

11

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

72. Given Ryan's severe impairments, he had a valid and reasonable expectation that he would be found disabled – so long as the CE was truthful, accurate, and comprehensive. Mo. Rev. Stat. § 334.100.2(4).

73. Midwest CES, Johnsen, Frandsen, and Dr. Garrana knew of the relationship between DDS and Ryan, as DDS contracted with one or more of those parties, and one or more of those parties agreed to perform the CE.

74. Midwest CES, Johnsen, Frandsen, and Dr. Garrana breached and violated the relationship between Ryan and DDS, including failing to follow applicable law and making false statements in the Report.

75. Midwest CES, Johnsen, Frandsen, and Dr. Garrana certified under penalty of perjury that the Report was accurate when, in fact, it was not.

76. But for the fraudulent Report, Ryan's claim would have been approved at an earlier date.

77. Ryan possessed more than a mere hope of approval of his claim, as evidenced by the ultimate approval of his claim upon challenging and giving no weight to the Report.

78. Midwest CES, Johnsen, Frandsen, and Dr. Garrana interfered with the fair determination of Ryan's claim by supplying Midwest CES and DDS with false information about Ryan and certifying under penalty of perjury that the information was accurate.

79. Midwest CES, Johnsen, Frandsen, and Dr. Garrana had no justification for falsifying the Report.

80. Midwest CES, Johnsen, Frandsen, and Dr. Garrana had no justification in failing to follow applicable law and medical standards of practice.

12

Exhibit A

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

81. Ryan sustained damages because of the above conduct, as his claim was denied due to the Report. This caused Ryan to incur unnecessary legal fees and lose the time-value of his disability benefit payments.

82. WHEREFORE, Ryan prays for a judgment against Midwest CES, Johnsen, and Frandsen; for an award in compensatory damages as found by a jury to be fair and reasonable but not to exceed $75,000; for pre-judgment and post-judgment interest and costs expended; for reasonable attorney fees; and for such other relief as this Court deems just and proper.

**COUNT II**
**DAMAGES UNDER THE MISSOURI MERCHANDISING PRACTICES ACT**
**("MMPA")**

83. Ryan incorporates by reference all other paragraphs.

84. A CE is a service provided by a licensed physician to an examinee.

85. Midwest CES, Johnsen, Frandsen, and Dr. Garrana scheduled and/or performed a CE on and with Ryan.

86. Ryan applied for disability benefits because his health prevented him from engaging in substantial, gainful employment.

87. Ryan is a consumer as provided in the MMPA Chapter 407 R.S. Mo.

88. DDS and Midwest CES are funded by taxpayers' dollars, including Ryan's, thereby making Ryan a purchaser of the CE.

89. Ryan was a purchaser due to his payment of money or its equivalent for the Report.

90. Midwest CES, Johnsen, Frandsen, and Dr. Garrana personally benefitted from Ryan's purchase or equivalent.

13

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

91. Ryan also gave the value of his time to appear at Midwest CES. This allowed Midwest CES, Johnsen, Frandsen, and Dr. Garrana to receive payment. Had Ryan not traveled to and personally appeared for the examination, it would not have taken place, and Midwest CES, Johnsen, Frandsen, and Dr. Garrana would not have received payment.

92. Ryan was misled by Midwest CES, Johnsen, Frandsen, and Dr. Garrana when he appeared for the CE.

93. Midwest CES advertises on its website that it "performs exams for Social Security Disability Determinations and streamlines the process through efficient, time saving practices." Other persons and entities, including disability claimants like Ryan, relied on Midwest CES's representations.

94. Ryan believed Midwest CES, Johnsen, Frandsen, and Dr. Garrana would comply with applicable law and medical practice standards in the conduct of the examination and submission of the Report.

95. DDS and the ALJ relied on the Report in denying Ryan's disability benefits claim.

96. Midwest CES, Johnsen, Frandsen, and Dr. Garrana caused Ryan to sustain damages including, but not limited to, denial of Ryan's claim causing him to endure unnecessary and further administration of his claim, incur further legal fees, and lose the time-value of his disability benefit payments.

97. WHEREFORE, Ryan prays for a judgment against Midwest CES, Johnsen, and Frandsen; for an award of compensatory damages as found by a jury to be fair and reasonable but not to exceed $75,000; for pre-judgment and post-judgment interest and costs expended; for reasonable attorneys' fees; and for such other relief, including equitable relief, as this Court deems just and proper.

14

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

## COUNT III
## FRAUDULENT MISREPRESENTATION

98. Ryan incorporates by reference all other paragraphs.

99. Midwest CES, Johnsen, Frandsen, and Dr. Garrana knowingly, either through actual knowledge or deliberate ignorance, presented or caused to be presented a false or fraudulent Report resulting in the denial of Ryan's claim.

100.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana certified under penalty of perjury that the Report was accurate when, in fact, it was not.

101.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana knew the Report was not accurate. For example, it contained canned language about "general observations" that they knew were part of an inaccurate boilerplate form.

102.    If Ryan had known that Midwest CES, Johnsen, Frandsen, and Dr. Garrana would not perform a CE in accordance with their legal duties; would falsify the Report; and would misrepresent the facts of the CE, Ryan would have chosen another examiner.

103.    Ryan relied on the Report and statements in determining the manner in which he approached and continued in his disability benefits claim.

104.    Midwest CES's website explicitly states, "[w]e've founded this company on the premise that we will be the most accurate, trustworthy CE Provider in the marketplace and that dream and vision has led us down the road of unlimited possibilities."

105.    Ryan reasonably relied on such statements when consenting to the performance of the CE – a critical piece of the disability determination process.

106.    Ryan agreed to the CE because he reasonably relied on Midwest CES, Johnsen, Frandsen, and Dr. Garrana to comply with all legal and ethical duties. *See, e.g.*, Mo. Rev. Stat. § 334.100.2(4).

15

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

107.    Ryan relied on representations made to him by Midwest CES, Johnsen, Frandsen, and Dr. Garrana. Ryan incurred extra legal fees as a direct and proximate result of their conduct.

108.    By submitting an inaccurate and fraudulent Report, Midwest CES, Johnsen, Frandsen, and Dr. Garrana caused Ryan to sustain damages including the denial of his claim causing Ryan to endure unnecessary and further administration of his claim, incur legal fees, and lose the time-value of his disability benefit payments.

109.    WHEREFORE, Ryan prays for a judgment against Midwest CES, Johnsen, Frandsen, and Dr. Garrana; for an award of compensatory damages as found by a jury to be fair and reasonable but not to exceed $75,000; for pre-judgment and post-judgment interest and costs expended; for reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

110.    Ryan incorporates by reference all other paragraphs.

111.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana knowingly, either through actual knowledge, deliberate ignorance, or reckless disregard presented, or caused to be presented, a false or fraudulent Report resulting in the denial of Ryan's claim.

112.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana certified under penalty of perjury that the Report was accurate when, in fact, it was not.

113.    If Ryan had known that Midwest CES, Johnsen, Frandsen, and Dr. Garrana would not perform a CE in accordance with applicable law; would falsify the Report; and would misrepresent the facts of the CE, Ryan would have chosen another examiner.

16

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

114.    Ryan did not hire another CE provider because he reasonably relied on Midwest
CES, Johnsen, Frandsen, and Dr. Garrana to comply with the law. *See, e.g.*, Mo. Rev.
Stat. § 334.100.2(4).

115.    Ryan relied on representations made to him by Midwest CES, Johnsen, Frandsen,
and Dr. Garrana.

116.    Ryan incurred extra legal fees as a direct and proximate result of the
misrepresentations communicated by Midwest CES, Johnsen, Frandsen, and Dr. Garrana.

117.    By submitting a false and inaccurate medical report, Midwest CES, Johnsen,
Frandsen, and Dr. Garrana caused Ryan to sustain damages including the denial of his
claim, causing Ryan to endure further unnecessary administration of his claim, incur legal
fees, and lose the time-value of his disability benefit payments.

118.    WHEREFORE, Ryan prays for a judgment against Midwest CES, Johnsen,
Frandsen, and Dr. Garrana; for an award of compensatory damages as found by a jury to
be fair and reasonable but not to exceed $75,000; for pre-judgment and post-judgment
interest and costs expended; for reasonable attorney fees; and for such other relief as this
Court deems just and proper.

**COUNT V**
**NEGLIGENCE *PER SE***

119.    Ryan incorporates by reference all other paragraphs as if set forth here.

120.    The Report was produced by a boilerplate Midwest CES template without regard
to accurate information and medically acceptable clinical diagnostic techniques. The
Report contained false statements based on a cursory examination and inadequate
communication with Ryan.

17

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

121.      Midwest CES, Johnsen, Frandsen, and Dr. Garrana certified under penalty of perjury that the Report was accurate when they knew it was not.

122.      Midwest CES, Johnsen, Frandsen, and Dr. Garrana violated applicable law and medical practice standards in the conduct of the examination and submission of the Report, including, but not limited to Mo. Rev. Stat. § 334.100.2(4).

123.      Under Mo. Rev. Stat. § 334.100.2(4), (18), the Missouri Board of Registration for the Healing Arts may file a complaint with the administrative hearing commission against a licensed physician for:

     a.    misconduct, fraud, misrepresentation, dishonesty, unethical conduct or unprofessional conduct in the performance of the physician's functions or duties; and

     b.    knowingly making or causing to be made a false statement or misrepresentation of a material fact, with intent to defraud, for payment pursuant to the provisions of chapter 208 or chapter 630 or for payment from Title XVIII or Title XIX of the Social Security Act.

124.      The purpose of the foregoing Missouri statute is to revoke the licenses of physicians who defraud or harm the public.

125.      The purpose of revoking such licenses is to protect the public from being defrauded or harmed.

126.      Ryan is a member of the public who was defrauded and harmed by misconduct, fraud, misrepresentation, dishonesty, and unethical conduct committed by Midwest CES, Johnsen, Frandsen, and Dr. Garrana.

18

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

127.  Ryan is a member of the class of persons intended to be protected by §
344.100.2(4), (18), and his injury was the kind § 344.100.2(4), (18) was designed to
prevent.

128.  CE reports are essential in determining whether a claimant is disabled.

129.  Midwest CES, Johnsen, Frandsen, and Dr. Garrana violated other applicable laws
and regulations regarding the training, education, experience, and oversight required for
CEs.

130.  Midwest CES, Johnsen, Frandsen, and Dr. Garrana were negligent in arranging
for and/or performing a CE involving the assessment of Ryan's multiple impairments,
most of which were unrelated to moonlighting otolaryngologist Dr. Garrana's area of
study.

131.  The Report was the cause of Ryan's disability denial determination.

132.  Outside of the Report, the evidence overwhelmingly favored a determination of
disability in Ryan's claim.

133.  Misconduct, fraud, misrepresentation, dishonesty, unethical conduct, and
unprofessional conduct by Midwest CES, Johnsen, Frandsen, and Dr. Garrana were the
cause of Ryan's injury.

134.  Midwest CES, Johnsen, Frandsen, and Dr. Garrana failed to prepare and conduct
a CE that conformed with applicable law, regulations, and accepted medical standards.

135.  Applicable law and medical standards are designed to protect the public and
ensure that DDS vendors and physicians are acting and performing their duties during the
CE and in the authoring of a CE report.

19

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

136.    Ryan is a member of the public and was injured by the misconduct, fraud, misrepresentation, dishonesty, unethical conduct, and unprofessional behavior committed by Midwest CES, Johnsen, Frandsen, and Dr. Garrana.

137.    Had Midwest CES, Johnsen, Frandsen, and Dr. Garrana complied with applicable law and standards while performing the CE and submitted an accurate CE report, Ryan would have been found disabled without the needless loss of time and money.

138.    WHEREFORE, Ryan prays for a judgment against Midwest CES, Johnsen, Frandsen, and Dr. Garrana; for an award of compensatory damages as found by a jury to be fair and reasonable but not to exceed $75,000; for pre-judgment and post-judgment interest and costs expended; for reasonable attorney fees; and for such other relief as this Court deems just and proper.

**COUNT VI**
**DEFAMATION**

139.    Ryan incorporates by reference all other paragraphs.

140.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana documented what purportedly occurred at Ryan's CE.

141.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana certified under penalty of perjury that the Report was accurate when it was not.

142.    An ordinary person would trust a physician certifying statements under penalty of perjury over the statement of a layperson seeking disability benefits.

143.    DDS and the ALJ would trust a physician certifying his statements under penalty of perjury over the statement of a layperson seeking disability benefits.

144.    The Report contains false, inconsistent, and inaccurate statements. The Report harmed Ryan's reputation.

20

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

145.    The Report was published and distributed to DDS, the ALJ, and other persons.

146.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana prepared a Report that they

knew was false or made statements with a reckless disregard for their falsity.

147.    The false statements and misrepresentations Midwest CES, Johnsen, Frandsen,

and Dr. Garrana made in the Report damaged Ryan's reputation.

148.    The Report implied Ryan was exaggerating or was dishonest in his complaints.

149.    The Report purportedly documented observations about Ryan's physical and

mental states. They were not merely opinions.

150.    WHEREFORE, Ryan prays for a judgment against Midwest CES, Johnsen,

Frandsen, and Dr. Garrana; for an award of compensatory damages as found by a jury to

be fair and reasonable but not to exceed $75,000; for pre-judgment and post-judgment

interest and costs expended; for reasonable attorney fees; and for such other relief as this

Court deems just and proper.

## COUNT VII
## CIVIL CONSPIRACY

151.    Ryan incorporates by reference all other paragraphs as if set forth here.

152.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana have or had a business

relationship.

153.    Dr. Garrana has or had a financial interest in selling CEs to Midwest CES that

support adverse benefit determinations and decisions.

154.    Midwest CES, Johnsen, and Frandsen purchased reports from Dr. Garrana on the

understanding that the reports will be favorable to Midwest CES's position and adverse

to the claimant, such as Ryan.

21

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

155.    Midwest CES, Johnsen, and Frandsen retained Dr. Garrana for the objective of
unlawfully producing inaccurate reports and denying disability benefits claims.

156.    Fraudulent and inaccurate statements were made by Johnsen, Frandsen, and Dr.
Garrana as a part of an unlawful scheme with Midwest CES. Midwest CES, Johnsen,
Frandsen, and Dr. Garrana had a mutual understanding and meeting of the minds as to the
production of fraudulent CE reports.

157.    Dr. Garrana corresponded with Jacob Johnsen, David Frandsen, and other
Midwest CES personnel regarding his performance of CEs. This correspondence
included electronic mail, phone calls, and the use of Dropbox or a similar online file
hosting service.

158.    Dr. Garrana, Johnsen, Frandsen, and Midwest CES personnel agreed to "power
through" exams, to cut off clients describing their impairments, and to otherwise
minimize a lawful examination.

159.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana arranged for and guaranteed a
claimant every 30 minutes and compensation of between $35 and $50 for a Report per
claimant.

160.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana collaborated in dictating
certain portions of the Report consistent with Midwest CES's dictation software, template
report, and other procedures.

161.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana had a shared motive in
producing fraudulent CE reports.

22

Exhibit A

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

162.     As a result of the conspiracy between Midwest CES, Johnsen, Frandsen, and Dr. Garrana, the Report would not have been favorable even if the actual medical examination of Ryan indicated otherwise.

163.     Dr. Garrana furthered the conspiracy by preparing and submitting the Report and by certifying under penalty of perjury that the Report was accurate.

164.     Midwest CES, Johnsen, and Frandsen furthered the conspiracy by devising the scheme and communicating it to physicians like Dr. Garrana. The sudden change of template language in 2020 to equally inaccurate new template language also furthered the conspiracy.

165.     Midwest CES, Johnsen, Frandsen, and Dr. Garrana received compensation for providing fraudulent reports that were disadvantageous to disability claimants.

166.     Midwest CES, Johnsen, Frandsen, and Dr. Garrana received larger sums of money for its reports than other contractors that DDS enlisted.

167.     DDS was more likely to contract with Midwest CES, Johnsen, Frandsen, and Dr. Garrana if they arranged for and performed evaluations in a particular manner.

168.     Midwest CES, Johnsen, Frandsen, and Dr. Garrana received an increasingly larger volume of business from DDS since producing fraudulent reports.

169.     At least four United States District Court orders in the Western District of Missouri are consistent with the proposition that Midwest CES and its physicians are preparing and submitting reports that contain boilerplate inaccurate language about claimants.

170.     The means used by Midwest CES, Johnsen, Frandsen, and Dr. Garrana in producing CE reports were unlawful.

23

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

171.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana engaged in one or more wrongful acts. As a result, Ryan sustained damages in the delayed approval of his disability claim, as well as other damages.

172.    Midwest CES, Johnsen, and Frandsen are liable to Ryan for the damages resulting from this conspiracy.

173.    WHEREFORE, Ryan prays for a judgment against Midwest CES, Johnsen, and Frandsen, for an award of compensatory damages as found by a jury to be fair and reasonable but not to exceed $75,000; for pre-judgment and post-judgment interest and costs expended; for reasonable attorney fees; and for such other relief, including equitable relief, as this Court deems just and proper.

## COUNT VIII
## TORT OF OUTRAGE

174.    Ryan incorporates by reference all other paragraphs as if set forth here.

175.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana falsified Reports by knowingly making inaccurate statements and by using boilerplate language that would damage a disability claimant.

176.    Midwest CES, Johnsen, Frandsen, and Dr. Garrana certified under penalty of perjury that the Report was accurate when it was not.

177.    DDS and Agency personnel believed that the boilerplate language and contents of the Report were customized to Ryan and represented events that actually transpired during the CE.

178.    As a result of the falsification, a disabled person was unnecessarily denied disability benefits.

179.    The falsification of the Report was indecent, atrocious, and intolerable.

24

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

180.    The conduct of Midwest CES, Johnsen, Frandsen, and Dr. Garrana was extreme and outrageous.

181.    WHEREFORE, Ryan prays for a judgment against Midwest CES, Johnsen, and Frandsen; for an award of compensatory damages as found by a jury to be fair and reasonable but not to exceed $75,000; for pre-judgment and post-judgment interest and costs expended; for reasonable attorney fees; and for such other relief as this Court deems just and proper.

## COUNT IX
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

182.    Midwest CES, Johnsen, and Frandsen contracted with physicians and nurse practitioners for the performance of CEs.

183.    Midwest CES physician and nurse practitioners, including Garrana, were under the control of Midwest CES.

184.    Midwest CES, Johnsen, and Frandsen had a duty in the hiring, training, oversight, and supervision of their contractors and employees.

185.    Midwest CES, Johnsen, and Frandsen did not exercise reasonable care in hiring physicians and nurse practitioners to perform CEs. Midwest CES, Johnsen, and Frandsen advertised at local universities to residents and hired those residents without knowledge of how to perform a CE for DDS that conforms with applicable law.

186.    Midwest CES, Johnsen, and Frandsen did not exercise reasonable care in training physicians and nurse practitioners with which it contracted for the performance for CEs. Midwest CES, Johnsen, and Frandsen were unaware of application law and incapable of training examiners. Midwest CES, Johnsen, and Frandsen did not engage experts who

25

Electronically Filed - Jackson - Kansas City - September 06, 2022 - 04:22 PM

were capable of the training necessary to inform an examiner of the legal requirements of a CE.

187.    Midwest CES, Johnsen, and Frandsen negligently supervised their examiners. Johnsen, Frandsen, and other Midwest CES personnel were incapable of supervising their examiners. Midwest CES, Johnsen, and Frandsen did not hire board certified physicians to supervise their resident physician and nurse practitioner examiners.

188.    Midwest CES, Johnsen, and Frandsen did not monitor or audit their examiners.

189.    Midwest CES, Johnsen, Frandsen, Dr. Garrana, and other Midwest CES examiners were unaware of the law governing CEs. Midwest CES, Johnsen, and Frandsen knew that they were unaware of the law governing CEs. They also knew that Dr. Garrana was unaware of the law governing CEs.

190.    Midwest CES, Johnsen, and Frandsen knew that their practices and Dr. Garrana's practices presented a danger to their organization, to DDS, and to disability claims – including Ryan's.

191.    Midwest CES, Johnsen, and Frandsen knew that their practices and Dr. Garrana's practices presented a danger to disability claimants and to the general public.

192.    Had Midwest CES, Johnsen, Frandsen, and Dr. Garrana engaged in adequate training conforming to applicable law, Ryan would have received a lawful CE.

193.    But for the negligent hiring, training, and supervision of Midwest CES, Johnsen, and Frandsen, Ryan would have received a lawful CE.

BurnettDriskill, Attorneys

s/ Kyle H. Sciolaro
Kyle H. Sciolaro, Mo. #64568
s/ Derrick A. Pearce
Derrick A. Pearce, Mo. #42793

26

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☒ AT KANSAS CITY ☐ AT INDEPENDENCE

**RE**: **MICHAEL RYAN V ELN ENTERPRISES ET AL**
**CASE NO:** **2216-CV20781**

**TO:** **KYLE HENRY SCIOLARO**
**106 WEST 11TH STREET**
**SUITE 1260**
**KANSAS CITY, MO 64105**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on _____.
However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER: PLEASE FILE A WAY TO SERVE. QUESTIONS CONTACT JENNIFER AT 816-881-3655**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed SEPTEMBER 14, 2022 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| _____SEPTEMBER 14, 2022_____ | By _____ |
| Date | Deputy Court Administrator |

☐ 415 East 12th St., Kansas City, Missouri 64106
☒ 308 W. Kansas, Independence, Missouri 64050

Electronically Filed - Jackson - Kansas City - September 21, 2022 - 08:44 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
[X] **AT KANSAS CITY** [ ] **AT INDEPENDENCE**

Michael James Ryan
_____
PETITIONER/PLAINTIFF,

VS.                                                CASE NO. 2216-CV20781
Jacob Johnsen                                   _____
_____
RESPONDENT/DEFENDANT.

### MOTION FOR APPROVAL AND APPOINTMENT
### OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name _CRAIG DARNELL_____

Registration No. (if applicable) _SERVER # 397_____

The Requestor states that:

[X]   The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

[ ]   The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

[ ]   The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____          Kyle Sciolaro
Signature of Requesting Party            Printed Name of Requesting Party

### ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____          _____
DATE                                     JUDGE

Revised Oct 2016

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
[X] **AT KANSAS CITY**   [ ] **AT INDEPENDENCE**

Michael James Ryan
_____
PETITIONER/PLAINTIFF,

VS.                                            CASE NO. 2216-CV20781
                                               _____

David Frandsen
_____
RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name _____ Nicole Bucklew, Tara Little, Carla Nickamp _____

Registration No. (if applicable) PPS22-0260,PPS22-0308,PPS22-0324 _____

The Requestor states that:

[ ] The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

[X] The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

[ ] The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____          _____
Signature of Requesting Party                Printed Name of Requesting Party

## ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____          _____
DATE                                          JUDGE

Revised Oct 2016

Electronically Filed - Jackson - Kansas City - September 20, 2022 - 11:48 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
[X] **AT KANSAS CITY** [ ] **AT INDEPENDENCE**

Michael James Ryan
_____
PETITIONER/PLAINTIFF,

VS.                                            CASE NO._2216-CV20781_____

David Frandsen
_____
RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name _____ Nicole Bucklew, Tara Little, Carla Nickamp _____

Registration No. (if applicable)_ PPS22-0260,PPS22-0308,PPS22-0324 _____

The Requestor states that:

[ ]  The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

[X]  The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

[ ]  The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____           _____
Signature of Requesting Party                    Printed Name of Requesting Party
                                                                Kyle Sciolaro

## ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

09/21/2022        _Jennifer Brookshier_
                        DEPUTY COURT ADMINISTRATOR

Revised Oct 2016

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**MICHAEL RYAN,**

                  **PLAINTIFF(S),**                **CASE NO.  2216-CV20781**

**VS.**                                                    **DIVISION 4**

 **ELN ENTERPRISES,**

                    **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JUSTINE E DEL MURO** on **06-JAN-2023** in **DIVISION 4** at **09:00 AM**.  All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.      A trial setting;

      b.      Expert Witness Disclosure Cutoff Date;

      c.      A schedule for the orderly preparation of the case for trial;

      d.      Any issues which require input or action by the Court;

      e.      The status of settlement negotiations.

Case 4:22-cv-00736-HFS   Document 1-1   Filed 11/08/22   Page 36 of 56Exhibit A

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JUSTINE E DEL MURO**
JUSTINE E DEL MURO, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
KYLE HENRY SCIOLARO, 106 WEST 11TH STREET, SUITE 1260, KANSAS CITY, MO 64105

Defendant(s):
 ELN ENTERPRISES
DAVID FRANDSEN
JACOB JOHNSEN

 Dated:  19-SEP-2022                              MARY A. MARQUEZ
                                                 Court Administrator

BA
Bringhurst Process Service
a Division of All Pro Security
60 E Claybourne Ave
Salt Lake City, Utah 84115
(801) 561-4278

THE CIRCUIT COURT
STATE OF MISSOURI, COUNTY OF JACKSON

| | |
|---|---|
| MICHAEL JAMES RYAN , ) | |
| Plaintiff(s) ) | |
| ) | |
| vs. ) | |
| ) | **PROOF OF SERVICE** |
| ELN ENTERPRISES, LLC D/B/A MIDWEST CES, ET ) | Case No. 2216-CV20781 |
| AL, ) | |
| Defendant(s) ) | |
| ) | |
| Party to serve: ) | |
| ELN ENTERPRISES D/B/A MIDWEST CES ) | |

Process: **SUMMONS FOR PERSONAL SERVICE OUTSIDE THE STATE OF MISSOURI, SUMMONS/GARNISHMENT SERVICE PACKETS ATTORNEY INFORMATION, PETITION FOR DAMAGES**
Court Date:

THE UNDERSIGNED PERSON HEREBY CERTIFIES:
1) I served the attached process, referenced therein.in the manner indicated below
2) I was at the time of service over the age of 18 years.
3) I am not a party to this action.

**Party To Serve: Eln Enterprises D/b/a Midwest Ces .**

Date Served: 10-9-2022 3:40 Pm
Address Of Service: 12 W 3100 S, Bountiful, Ut 84010

Served on business or organization by giving a copy to **JACOB JOHNSEN** , who is a(n) registered agent, (authorized to receive pursuant to utah code 16-17-301(1)), of said organization, designated to receive service of such process pursuant to Rule 4-(d)(1), Utah Rules of Civil Procedure.

I certify under criminal penalty of the State of Utah that the foregoing is true and correct.
Executed on 10-9-2022

_____
CRAIG DARNELL #397

**TOTAL FEES:** **$20.00**

| | |
|---|---|
| Additional Defendant | $20.00 |
| | |
| | |
| | |

BURNETTDRISKILL ATTORNEYS
103 W 26TH AVE., STE. 290
NORTH KANSAS CITY, MO 64116

Exhibit A

# AFFIDAVIT OF SERVICE

**State of Missouri**

**County of JACKSON**

Case Number: 2216-CV20781

Plaintiff:
**MICHAEL RYAN**

vs.

Defendant:
**ELN ENTERPRISES DBA: MIDWEST CES**

For:
KYLE SCIOLARO
BURNETT DRISKILL
106 WEST 11TH ST
SUITE 1260
KANSAS CITY, MO 64105

Received by NFB Process Service, LLC to be served on **DAVID FRANDSEN, 9016 HORTON ST, OVERLAND PARK, KS 66207.**

I, TARA LITTLE, being duly sworn, depose and say that on the **17th day of October, 2022** at **6:59 pm, I:**

**INDIVIDUALLY/PERSONALLY served by delivering a true copy of the Summons and Petition with the date and hour of service endorsed thereon by me, to: DAVID FRANDSEN at the address of: 9016 HORTON ST, OVERLAND PARK, KS 66207, and informed said person of the contents therein, in compliance with state statutes.**

I certify that I am over the age of 18 and have no interest in the above action.

**TARA LITTLE**
Process Server

Subscribed and Sworn to before me on the _20_ day of _October_, _2022_ by the affiant who is personally known to me.

NOTARY PUBLIC

**NFB Process Service, LLC**
**511 E. WALNUT ST. #6903**
**Columbia, MO 65205**
**(573) 268-0742**

Our Job Serial Number: NBU-2022000424

CINDY ANGLE
Notary Public, Notary Seal
State of Missouri
Howard County
Commission # 07387310
My Commission Expires 12-08-2023

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m



Electronically Filed - Jackson - Kansas City - October 26, 2022 - 02:02 PM



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JUSTINE E DEL MURO | Case Number: 2216-CV20781 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL RYAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KYLE HENRY SCIOLARO<br>106 WEST 11TH STREET<br>SUITE 1260<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELN ENTERPRISES<br>DBA: MIDWEST CES | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: DAVID FRANDSEN
Alias:

5715 CHARLOTTE ST
KANSAS CITY, MO 64110

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

21-SEP-2022
Date

Clerk

*JACKSON COUNTY*

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____ ~~AFFIDAVIT ATTACHED~~ _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
*(Seal)*      Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                          Date                                   Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Jackson - Kansas City - October 26, 2022 - 02:02 PM

BA
Bringhurst Process Service
a Division of All Pro Security
60 E Claybourne Ave
Salt Lake City, Utah 84115
(801) 561-4278

THE CIRCUIT COURT
STATE OF MISSOURI, COUNTY OF JACKSON

| | |
|---|---|
| MICHAEL JAMES RYAN  ,       )<br>Plaintiff(s)                )<br>                       )<br>vs.                      )<br>                       )<br>ELN ENTERPRISES, LLC D/B/A MIDWEST CES, ET )<br>AL,                     )<br>Defendant(s)          )<br>                       )<br>Party to serve:        )<br>JACOB JOHNSEN      )| **PROOF OF SERVICE**<br>Case No. 2216-CV20781 |

Process: **SUMMONS FOR PERSONAL SERVICE OUTSIDE THE STATE OF MISSOURI, PETITION FOR DAMAGES**
Court Date:

THE UNDERSIGNED PERSON HEREBY CERTIFIES:
1) I served the attached process, referenced therein.in the manner indicated below
2) I was at the time of service over the age of 18 years.
3) I am not a party to this action.

**Party To Serve: Jacob Johnsen .**

Date Served: 10-9-2022 3:40 Pm
Address Of Service: 12 W 3100 S, Bountiful, Ut 84010

**I delivered a copy of this process to Jacob Johnsen , in person.**

I certify under criminal penalty of the State of Utah that the foregoing is true and correct.
Executed on 10-9-2022

_____
CRAIG DARNELL #397

**TOTAL FEES:**   **$55.00**

| | |
|---|---|
| Standard Service | $55.00 |
| | |
| | |
| | |

BURNETTDRISKILL ATTORNEYS
103 W 26TH AVE., STE. 290
NORTH KANSAS CITY, MO 64116



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JUSTINE E DEL MURO | Case Number: 2216-CV20781 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL RYAN | Plaintiff's/Petitioner's Attorney/Address<br>KYLE HENRY SCIOLARO<br>106 WEST 11TH STREET<br>SUITE 1260<br>**vs.** KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br>ELN ENTERPRISES<br>DBA:  MIDWEST CES | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: DAVID FRANDSEN
　　　　　　　　　　　　Alias:

**5715 CHARLOTTE ST**
**KANSAS CITY, MO  64110**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

　21-SEP-2022　　　　　　　　　　_____
　　　Date　　　　　　　　　　　　　　　　　　　　Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
　　　　　　　　　　　　　　　　　　　a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____　　_____
　　Printed Name of Sheriff or Server　　　　　　　　　Signature of Sheriff or Server

*(Seal)*　　**Must be sworn before a notary public if not served by an authorized officer:**

　　　　　Subscribed and sworn to before me on _____ (date).

　　　　　My commission expires: _____　　_____
　　　　　　　　　　　　　　　　　　　　Date　　　　　　　　　　Notary Public

**Sheriff's Fees**
Summons　　　　　　　　　$_____
Non Est　　　　　　　　　　$_____
Sheriff's Deputy Salary
Supplemental Surcharge　$_____10.00
Mileage　　　　　　　　　　$_____ (_____ miles @ $._____ per mile)
**Total**　　　　　　　　　　$_____
A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see
Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JUSTINE E DEL MURO | **Case Number: 2216-CV20781** |
| Plaintiff/Petitioner:<br>MICHAEL RYAN | Plaintiff's/Petitioner's Attorney/Address:<br>KYLE HENRY SCIOLARO<br>106 WEST 11TH STREET<br>SUITE 1260<br>KANSAS CITY, MO 64105 |
| **vs.** | |
| Defendant/Respondent:<br>ELN ENTERPRISES<br>DBA: MIDWEST CES | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: ELN ENTERPRISES
Alias:
DBA: MIDWEST CES

**1480 S. ORCHARD DR #103,
BOUNTIFUL, UT 84010**

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

21-SEP-2022
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and petition to the Defendant/Respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn** to me before this _____ (day) _____ (month) _____ (year)

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

# Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JUSTINE E DEL MURO | Case Number:  2216-CV20781 |
| Plaintiff/Petitioner:<br>MICHAEL RYAN | Plaintiff's/Petitioner's Attorney/Address:<br>KYLE HENRY SCIOLARO<br>106 WEST 11TH STREET<br>SUITE 1260<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br>ELN ENTERPRISES<br>DBA:  MIDWEST CES | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  DAVID FRANDSEN
                  Alias:

**5715 CHARLOTTE ST
KANSAS CITY, MO  64110**

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

21-SEP-2022
Date                                     Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server             Signature of Sheriff or Server

         **Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)
         I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                    (use for out-of-state officer)
*(Seal)*           ☐ authorized to administer oaths.  (use for court-appointed server)

                                    _____
                                         Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $_____ per mile) |
| **Total** | **$_____** |

         **See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JUSTINE E DEL MURO | Case Number:  2216-CV20781 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL RYAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>KYLE HENRY SCIOLARO<br>106 WEST 11TH STREET<br>SUITE 1260<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br>ELN ENTERPRISES<br>DBA:  MIDWEST CES | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   ELN ENTERPRISES
Alias:
DBA:  MIDWEST CES

**1480 S. ORCHARD DR #103,
BOUNTIFUL, UT  84010**

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

05-OCT-2022
_____
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
      _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to
      _____ (name) _____ (title).
   ☐ other _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn** to me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
      (use for out-of-state officer)
   ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 4:22-cv-00736-HFS Document 1-1 Filed 11/08/22 Page 51 of 56 Exhibit A

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JUSTINE E DEL MURO | Case Number: 2216-CV20781 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL RYAN | Plaintiff's/Petitioner's Attorney/Address:<br>KYLE HENRY SCIOLARO<br>106 WEST 11TH STREET<br>SUITE 1260<br>KANSAS CITY, MO 64105 |
| vs. | |
| Defendant/Respondent:<br>ELN ENTERPRISES<br>DBA: MIDWEST CES | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: JACOB JOHNSEN
Alias:

**12 W 3100 S**
**BOUNTIFUL, UT 84010**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

05-OCT-2022
_____
Date

_____
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state server)
                    ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

OSCA (11/2021) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 22-SMOS-1417  1 of 2          (2216-CV20781)          Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:22-cv-00736-HFS  Document 1-1  Filed 11/08/22  Page 53 of 56  Exhibit A

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**SUMMONS/GARNISHMENT SERVICE PACKETS**
**ATTORNEY INFORMATION**

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ AT KANSAS CITY ☐ AT INDEPENDENCE

Michael James Ryan
_____
PETITIONER/PLAINTIFF,

VS.                                          CASE NO. 2216-CV20781
_____

Jacob Johnsen
_____
RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name _CRAIG DATCHELL_

Registration No. (if applicable) _SERVER # 397_

The Requestor states that:

☒ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☐ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____          Kyle Sciolaro
Signature of Requesting Party          Printed Name of Requesting Party

## ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_3 Oct 2022_                    _____
DATE                                    JUDGE

Revised Oct 2016