UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL JAMES RYAN, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 4:22-cv-00736-HFS ) |
| ELN ENTERPRISES, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ELN ENTERPRISES, LLC D/B/A MIDWEST CES, LLC, DAVID FRANDSEN, AND JACOB JOHNSEN

COMES NOW Defendants ELN Enterprises, LLC d/b/a Midwest CES, LLC ("Midwest CES"), David Frandsen ("Frandsen"), and Jacob Johnsen ("Johnsen") (Midwest CES, Frandsen, and Johnsen, collectively "Defendants"), by and through undersigned counsel, and for their Answer and Affirmative Defenses to Plaintiff's Petition for Damages, states as follows:

### INTRODUCTION

1. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 1 of the Petition and therefore deny the allegations contained in Paragraph 1.

2. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 2 of the Petition and therefore deny the allegations contained in Paragraph 2.

3. Defendants lack sufficient information or knowledge to admit or deny the

allegations in Paragraph 3 of the Petition and therefore deny the allegations contained in Paragraph 3.

4. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 4 of the Petition and therefore deny the allegations contained in Paragraph 4.

5. Admit.

6. Defendants admit that Midwest CES contracts with DDS to perform CEs on DDS' and SSA's behalf. Defendants deny any remaining allegations in Paragraph 6 of the Petition.

7. Defendants admit that Frandsen and Johnsen own Midwest CES. Defendants deny any remaining allegations in Paragraph 7.

8. Defendants lack information or knowledge sufficient to form a belief about the truth or falsity of the allegation that Midwest is the largest supplier of CEs to DDS in Northwest Missouri and therefore denies the same. Defendants admit that Midwest CES has provided increasingly more reports over time, Midwest CES is compensated per report and therefore the compensation to Midwest CES has grown over time. Defendants lack information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 8 and therefore deny the same.

9. Defendants admit that Midwest CES contracts with licensed physicians to perform CEs. Board certifications are specialty specific and there is no board certification for the performance of a CE. All physicians had the appropriate licenses and certifications to perform CEs pursuant to SSA rules and regulations. Defendants deny that physicians were guaranteed a particular number of CEs per day. Defendants admit that a template provided by SSA and DDS was given to physicians for the performance of CEs. Defendants deny any remaining

allegations contained in Paragraph 9 of the Petition.

10. Deny.

11. Deny.

12. Defendants deny any insinuation that Dr. Garrana's report was already filled out prior to Dr. Garrana's examination. Defendants admit that Dr. Garrana was provided a template report for the CE which was provided by SSA. Defendants admit submitting the Report to DDS and SSA. Defendants deny any remaining allegations contained in Paragraph 12.

13. Defendants deny the insinuation that the use of the template was improper—the template was provided by SSA and DDS for the completion of CEs. Defendants deny any remaining allegations in Paragraph 13 of the Petition.

14. Defendants deny that Defendants prevented Dr. Garrana from performing an adequate exam, required him to use a template containing inadequate statements, or from complying with medical standards and applicable law. Defendants deny any remaining allegations in Paragraph 14 of the Petition.

15. Defendants deny that the report prepared by Dr. Garrana was fraudulent. Defendants deny that they acted outside the scope of the duties contemplated and prescribed by DDS. Defendants deny any remaining allegations in Paragraph 15 of the Petition.

16. Defendants lack sufficient information to admit or deny the allegations in Paragraph 16 and therefore deny the allegations contained in Paragraph 16.

17. Defendants lack sufficient information to admit or deny the allegations in Paragraph 17 and therefore deny the allegations contained in Paragraph 17.

18. Defendants lack sufficient information to admit or deny the allegations in Paragraph 18and therefore deny the allegations contained in Paragraph 18.

## JURISDICTION AND VENUE

19. Defendants lack sufficient information to admit or deny the allegations in Paragraph 19 and therefore deny the allegations contained in Paragraph 19.

20. Admit.

21. Defendants admit that the Report was ordered by DDS pursuant to the direction of the SSA and submitted to a DDS office and decision-maker in Jackson County, Missouri.

22. Admit.

23. Admit.

24. Admit.

25. Paragraph 25 is a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 25.

26. Paragraph 26 is a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 26.

27. Paragraph 27 is a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 27.

28. Paragraph 28 contains a stipulation which does not require a response.

## FACTS COMMON TO ALL COUNTS

29. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 29 and therefore deny the allegations contained in Paragraph 29.

30. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 30 and therefore deny the allegations contained in Paragraph 30.

31. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 31 and therefore deny the allegations contained in Paragraph 31.

32. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 32 and therefore deny the allegations contained in Paragraph 32.

33. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 33 and therefore deny the allegations contained in Paragraph 33.

34. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 34 and therefore deny the allegations contained in Paragraph 34.

35. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 35 and therefore deny the allegations contained in Paragraph 35.

36. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 36 and therefore deny the allegations contained in Paragraph 36.

37. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 37 and therefore deny the allegations contained in Paragraph 37.

38. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 38 and therefore deny the allegations contained in Paragraph 38.

39. Defendants admit that Ryan appeared at Midwest CES for a CE on March 10, 2018 and was evaluated by Dr. Garrana. Defendants admit that Dr. Garrana did not have specialized board certifications in orthopedics. Defendants deny any insinuation that Dr. Garrana did not have the appropriate licenses and certifications required by the SSA and DDS to perform CEs.

40. Deny.

41. Defendants deny that Dr. Garrana was paid any funds for a template Report or a Report providing a particular result. Defendants admit that Dr. Garrana was paid $50 per report completed in accordance with the direction given by DDS and SSA, which includes any follow up inquiries by DDS and SSA.

42. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 42 and therefore deny the allegations contained in Paragraph 42.

43. Deny.

44. Defendants admit that Dr. Garrana signed the Report and swore under penalty of perjury that the Report was accurate. Defendants deny any remaining allegations contained in Paragraph 44.

45. Defendants lack sufficient information or knowledge to admit or deny any allegations about the accuracy of the Report. Defendants deny any insinuation that it was improper to provide Dr. Garrana with the template provided by SSA and DDS. Defendants deny any remaining allegations contained in Paragraph 45.

46. Deny.

47. Defendants deny the allegations in Paragraph 47, including subparagraphs (a)-(k).

48. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 48 and therefore deny the same.

49. Defendants lack sufficient information or knowledge to admit or deny any allegations relating to Dr. Garrana's knowledge. Defendants deny the remaining allegations in Paragraph 49.

50. Deny.

51. Defendants lack sufficient information or knowledge to admit or deny any allegations relating to Dr. Garrana's knowledge. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants lack sufficient information or knowledge to admit or deny any

allegations relating to Dr. Garrana's actions during the CE. Defendants deny the remaining allegations in Paragraph 52.

53. Deny.

54. Defendants deny Paragraph 54 to the extent it suggests that Midwest CES provided orientation or training of Dr. Garrana; all training and orientation was provided by DDS.

55. Defendants admit that all training was provided by DDS. Defendants deny any other insinuations or allegations in Paragraph 55.

56. Deny.

57. Defendants admit that all training was provided by DDS. Defendant deny any remaining allegations in Paragraph 57.

58. Paragraph 58 contains a legal conclusion to which no response is required, to the extent a response is required Defendants deny the allegations in Paragraph 58.

59. Deny.

60. Defendants deny the allegations in Paragraph 60, including subparts (a-j).

61. Deny.

62. Deny.

63. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 63 and therefore deny the same.

64. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 64 and therefore deny the same.

65. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 65 and therefore deny the same.

66. Defendants lack sufficient information or knowledge to admit or deny the

7

Case 4:22-cv-00736-HFS   Document 10   Filed 11/18/22   Page 7 of 19

allegations in Paragraph 66 and therefore deny the same.

67. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 67 and therefore deny the same.

68. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 68 and therefore deny the same.

69. Deny.

## COUNT I
## TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY

70. Defendants incorporate by reference their responses to Paragraphs 1-69 as if fully restated herein.

71. Paragraph 71 contains a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 71.

72. Paragraph 72 contains a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 72.

73. Defendants deny any knowledge of a business relationship between DDS and Ryan. Defendants admit that they knew that Ryan sought disability benefits from DDS.

74. Deny.

75. Deny.

76. Paragraph 76 contains a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations in Paragraph 76. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in Paragraph 76, and therefore deny the same.

77. Deny.

78. Defendants lack sufficient information or knowledge to admit or deny any

allegations pertaining to Dr. Garrana's knowledge or actions during the performance of the CE. Defendants deny the remaining allegations in Paragraph 78.

79. Defendants deny the report was falsified and deny any remaining allegations in Paragraph 79.

80. Defendants deny they failed to follow applicable law and medical standards of practice. Defendants lack sufficient information to admit or deny any allegations relating to Dr. Garrana's actions during Ryan's CE.

81. Deny.

82. WHEREFORE having fully answered Count I of Plaintiff's Petition, Defendants pray that judgment be entered in its favor and against Plaintiff, and further prays for an award of Defendants' attorney fees, the statutory costs and fees allowed, as well as any other relief the Court deems just and proper.

## COUNT II
## DAMAGES UNDER THE MISSOURI MECHANDISING PRACTICES ACT ("MMPA")

83. Defendants incorporate by reference their responses to Paragraph 1-82 as if fully restated herein.

84. Admit.

85. Admit.

86. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 86, and therefore deny the same.

87. Paragraph 87 contains a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations in Paragraph 87.

88. Deny.

89. Deny.

9

90. Defendants deny that Ryan purchased anything from Defendants.

91. Deny.

92. Deny.

93. Defendants admit that Midwest CES advertises on its website that it "performs exams for Social Security Disability Determinations and streamlines the process through efficient, time saving practices." Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in Paragraph 93 and therefore deny the same.

94. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 94 and therefore deny the same.

95. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 95 and therefore deny the same.

96. Deny.

97. WHEREFORE having fully answered Count II of Plaintiff's Petition, Defendants pray that judgment be entered in its favor and against Plaintiff, and further prays for an award of Defendants' attorney fees, the statutory costs and fees allowed, as well as any other relief the Court deems just and proper.

## COUNT III
## FRAUDULENT MISREPRESENTATION

98. Defendants incorporate their responses to Paragraphs 1-97 as if fully restated herein.

99. Deny.

100. Deny.

101. Deny.

102. Defendants lack sufficient information or knowledge to admit or deny the

allegations contained in Paragraph 102 and therefore deny the same.

103. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 103 and therefore deny the same.

104. Admit.

105. Paragraph 105 contains a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 105.

106. Paragraph 106 contains a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 106. Defendants deny any remaining allegations contained in Paragraph 106, including that Mo. Rev. Stat. § 334.100.2(4), a licensing statute, contains any form of standard of care applicable to this case.

107. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 107 and therefore deny the same.

108. Deny.

109. WHEREFORE having fully answered Count III of Plaintiff's Petition, Defendants pray that judgment be entered in its favor and against Plaintiff, and further prays for an award of Defendants' attorney fees, the statutory costs and fees allowed, as well as any other relief the Court deems just and proper.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

110. Defendants incorporate by reference their responses to Paragraphs 1-109 as if fully restated herein.

111. Deny.

112. Deny.

113. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 113 and therefore deny the same.

114. Defendants lack sufficient information or knowledge to admit or deny any allegations pertaining to Ryan's possible actions. Paragraph 114 contains a legal conclusion regarding whether Ryan's alleged reliance was reasonable, to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 114. Defendants deny any remaining allegations contained in Paragraph 114, including that Mo. Rev. Stat. § 334.100.2(4), a licensing statute, contains any form of standard of care applicable to this case.

115. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 115 and therefore deny the same.

116. Deny.

117. Deny.

118. WHEREFORE having fully answered Count IV of Plaintiff's Petition, Defendants pray that judgment be entered in its favor and against Plaintiff, and further prays for an award of Defendants' attorney fees, the statutory costs and fees allowed, as well as any other relief the Court deems just and proper.

## COUNT V
## NEGLIGENCE *PER SE*

119. Defendants incorporate by reference their responses to Paragraphs 1-118 as if fully restated herein.

120. Deny.

121. Deny.

122. Paragraph 122 contains a legal conclusion to which no response is required, to the

12

extent a response is required, Defendants deny the allegations contained in Paragraph 122. Further, Defendants deny that Mo. Rev. Stat. § 334.100.2(4), a licensing statute, contains any form of standard of care applicable to this case.

123. Paragraph 123 contains a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 123.

124. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 124 and therefore deny the same.

125. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 125 and therefore deny the same.

126. Deny.

127. Deny.

128. Deny.

129. Deny.

130. Deny.

131. Deny.

132. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 132 and therefore deny the same.

133. Deny.

134. Deny.

135. Deny.

136. Deny.

137. Deny.

138. WHEREFORE having fully answered Count V of Plaintiff's Petition, Defendants

pray that judgment be entered in its favor and against Plaintiff, and further prays for an award of Defendants' attorney fees, the statutory costs and fees allowed, as well as any other relief the Court deems just and proper.

## COUNT VI
## DEFAMATION

139. Defendants incorporate by reference their responses to Paragraphs 1-138 as if fully restated herein.

140. Defendants admit that Dr. Garrana created a report based on what occurred at Ryan's CE. Defendants deny any remaining allegations contained in Paragraph 140.

141. Defendants admit that Dr. Garrana certified under penalty of perjury that the Report was accurate. Defendants deny any remaining allegations contained in Paragraph 141.

142. Paragraph 142 contains a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 142.

143. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 143 and therefore deny the same.

144. Deny.

145. Deny.

146. Deny.

147. Deny.

148. Deny.

149. Deny.

150. WHEREFORE having fully answered Count VI of Plaintiff's Petition, Defendants pray that judgment be entered in its favor and against Plaintiff, and further prays for an award of Defendants' attorney fees, the statutory costs and fees allowed, as well as any other relief the

Court deems just and proper.

## COUNT VII
## CIVIL CONSPIRACY

151. Defendants incorporate by reference their responses to Paragraphs 1-150 as if fully restated herein.

152. Defendants admit that Dr. Garrana was an independent contractor who at one time worked for Midwest CES. Defendants deny the remaining allegations in paragraph 152.

153. Deny.

154. Deny.

155. Deny.

156. Deny.

157. Admit.

158. Deny.

159. Deny.

160. Deny.

161. Deny.

162. Deny.

163. Defendants deny the existence of any alleged conspiracy.

164. Defendants deny the existence of any alleged conspiracy. Any templates used were used at the direction of DDS and SSA.

165. Deny.

166. Deny.

167. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 167 and therefore deny the same.

168. Deny.

169. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 169 and therefore deny the same.

170. Deny.

171. Deny.

172. Deny.

173. WHEREFORE having fully answered Count VII of Plaintiff's Petition, Defendants pray that judgment be entered in its favor and against Plaintiff, and further prays for an award of Defendants' attorney fees, the statutory costs and fees allowed, as well as any other relief the Court deems just and proper.

## COUNT VIII
## TORT OF OUTRAGE

174. Defendants incorporate by reference their responses to Paragraphs 1-173 as if fully restated herein.

175. Deny.

176. Deny.

177. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 177 and therefore deny the same.

178. Deny.

179. Deny.

180. Deny.

181. WHEREFORE having fully answered Count VIII of Plaintiff's Petition, Defendants pray that judgment be entered in its favor and against Plaintiff, and further prays for an award of Defendants' attorney fees, the statutory costs and fees allowed, as well as any

other relief the Court deems just and proper.

## COUNT IX
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

182. Deny.

183. Deny.

184. Paragraph 184 contains a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 184.

185. Paragraph 185 contains a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 185. Defendants deny any remaining allegations in Paragraph 185.

186. Paragraph 186 contains legal conclusions to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 186. Defendants admit that all training was provided by DDS. Defendants deny any remaining allegations in Paragraph 186.

187. Paragraph 187 contains legal conclusions to which no response is required, to the extent a response is required, Defendants deny the allegations contained in Paragraph 187. Defendants deny any remaining allegations in Paragraph 187.

188. Deny.

189. Deny.

190. Deny.

191. Deny.

192. Defendants deny any insinuation that Defendants did not engage in adequate training conforming to applicable law or that Ryan's CE was not "lawfu."

193. Paragraph 193 contains a legal conclusion to which no response is required, to the

extent a response is required, Defendants deny the allegations contained in Paragraph 193.

WHEREFORE having fully answered Count IX of Plaintiff's Petition, Defendants pray that judgment be entered in its favor and against Plaintiff, and further prays for an award of Defendants' attorney fees, the statutory costs and fees allowed, as well as any other relief the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. Defendants deny each and every allegation not specifically admitted herein.

2. Plaintiff's Petition fails to state a claim against Defendants upon which relief can be granted.

3. Plaintiff's claims are barred by the doctrine of derivative sovereign immunity.

4. Plaintiff failed to join Disability Determination Services as an indispensable party.

5. Any injuries or damages sustained by Plaintiff, which Defendants deny, were directly and/or proximately caused or contributed to by the negligence or fault of other persons or entities not within Defendants' control.

6. Any injuries or damages sustained by Plaintiff, which Defendants deny, were directly and/or proximately caused or contributed to by a superseding or intervening act or event.

7. Any injuries or damages sustained by Plaintiff, which Defendants deny, were not caused or contributed to in any degree by any negligence, fault or wrongdoing on the part of Defendants.

8. If Plaintiff was injured or damaged, which Defendants deny, to the extent allegations of fault remain as to Defendants, the fault of Plaintiff and/or other persons or entities involved in the occurrence should be compared and/or apportioned so as to diminish or preclude

recovery from Defendants.

9. Defendants contest the nature and extent of Plaintiff's alleged damages.

10. The fraudulent nature of Dr. Garrana's report, which Defendants deny, was not known to Defendants and could not reasonably be discovered by Defendants.

WHEREFORE having fully answered Plaintiff's Petition, Defendants pray that judgment be entered in its favor and against Plaintiff, and further prays for an award of Defendants' attorney fees, the statutory costs and fees allowed, as well as any other relief the Court deems just and proper.

By:   /s/ *David A. Jermann*
David A. Jermann    #51389
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Telephone: 816.221.3420
Fax: 816.221.0786
djermann@atllp.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022, the foregoing was filed electronically with the Court via the Court's electronic filing system which automatically sent a copy to all parties entitled to service.

/s/*David A. Jermann*
Attorney for Defendants