UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL JAMES RYAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:22-cv-00736 |
| ELN ENTERPRISES, LLC, et al., | ) |
| Defendant. | ) |

# MOTION FOR EXTENSION OF TIME TO SERVE DISCOVERY RESPONSES

Defendants, by and through undersigned counsel, David A. Jermann, moves for an Order of the Court granting Defendants an additional 7 days in which to serve its responses and objections to Plaintiff's discovery. In support of this motion, Defendants state as follows:

1. Plaintiff served its first document requests and first interrogatories to Defendants ("Plaintiff's Discovery") on January 12, 2023.

2. Defendants' responses were due on or before Monday, February 13, 2023.

3. On Friday, February 10, 2023, undersigned counsel had to remotely appear and argue a motion arising in a case pending in Tennessee. Counsel was then scheduled to leave town for a long-scheduled family trip. Counsel was then out of the office from the afternoon of Friday, February 10, until Thursday, February 16, 2023.

4. During this absence, counsel inadvertently overlooked the existing deadline for providing its responses to Plaintiff's Discovery, mistakenly believing the responses were not due until counsel returned to the officer.

5. Upon being made aware of the overdue responses, defense counsel sought Plaintiff's counsel's agreement to be allowed until Monday, February 20, 2023, (an additional 7 days) to provide its responses to Plaintiff's Discovery. Plaintiff's counsel has advised that while

counsel does not oppose Defendants providing its responses on February 20, 2023, Plaintiff does not consent to Defendant's asserting any objections out of time.

6. Pursuant to Fed. Rule of Civ. Pro. 6(b)(1)(B), the Court may, for good cause shown, extend a deadline where a party has "failed to act because of excusable neglect."

7. In the present case, defense counsel's failure to timely respond to Plaintiff's discovery was the result of "excusable neglect." Specifically, defense counsel simply lost track of the existing deadline due to the press of other matter and the fact that counsel was out of the office when the deadline expired.

8. This request for an additional 7 days is not made for the purposes of delay, nor will any party be prejudice by granting Defendants this relief. Although Defendant anticipates it will have very few objections to Plaintiff's discovery, to the extent any such objections cannot be resolved through the ordinary meet and confer process, Plaintiff will still be able to have any concerns regarding said objections addressed by the Court.

WHEREFORE, for the above reasons, Defendants seek an additional 7 days from the date Defendants' discovery were due (Monday, February 13, 2023) until Monday, February 20, 2023, to provide its responses and objections to Plaintiff's Discovery and for such other and further relief as the court deems just and equitable.

By:   /s/ *David Jermann*
David A. Jermann    #51389
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Telephone: 816.221.3420
Fax: 816.221.0786
djermann@atllp.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2023, the foregoing was filed electronically with the Court, which sent notification of filing to all parties of record.

>  */s/ David Jermann*
>  Attorney for Defendants

3
Case 4:22-cv-00736-HFS   Document 25   Filed 02/16/23   Page 3 of 3